UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>LEROY CLIFFORD REDDEST,<br>a/k/a Leroy Clifford Jack,<br><br>Defendant. | 5:05-CR-50116-01-KES<br><br><br>ORDER DENYING MOTION FOR RELIEF UNDER THE FIRST STEP ACT |

Defendant, Leroy Clifford Reddest, moves for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i). Docket 143. Plaintiff, the United States of America, opposes the motion. Docket 153. For the following reasons, the court denies defendant's motion for compassionate release.

## BACKGROUND

Reddest was found guilty on three counts of sexual abuse of a minor in violation of 18 U.S.C. §§ 2243(a) and 1153 and two counts of aggravated sexual abuse in violation of 18 U.S.C. §§ 2241(a) and 1153. Docket 87. On November 21, 2006, this court sentenced Reddest to 292 months in custody on each aggravated sexual abuse count and 180 months in custody on each sexual abuse of a minor count, to run concurrently, followed by 10 years of supervised release on each count, to run concurrently. Docket 99; Docket 100 at 2-3. Reddest appealed his conviction. Docket 102. The Eighth Circuit Court of Appeals affirmed Reddest's convictions on the two aggravated sexual abuse

counts and two out of the three sexual abuse of a minor counts. Docket 120. The Eighth Circuit, however, reversed and vacated Reddest's conviction on one of the sexual abuse of a minor counts. *Id.* The court modified its judgment to reflect the Eighth Circuit's ruling. *See* Docket 125 at 1-3. The court imposed a sentence of 292 months in custody on the aggravated sexual abuse counts and 108 months on the two remaining sexual abuse of a minor counts followed by 10 years of supervised release on each count, all to be served concurrently. *Id.* Reddest is eligible for home confinement on March 12, 2026, and his current anticipated release date is September 12, 2026. Docket 147 at 410.

Reddest is incarcerated at Federal Medical Center (FMC) Rochester, an administrative security federal medical center in Rochester, Minnesota. *Id.* at 92; Docket 150 at 1. As of October 13, 2020, there are currently 32 active COVID-19 cases among FMC Rochester's inmates, 3 active COVID-19 cases among the facility's staff, and 17 inmates and 11 staff have recovered from COVID-19. *See BOP: COVID-19 Update*, Fed. Bureau of Prisons, https://www.bop.gov/coronavirus/ (last visited on Oct. 13, 2020). There have been 0 deaths from COVID-19. *Id.*

Reddest is 74 years old. Docket 145 at 1. Reddest's health conditions include Diabetes Type II mellitus, chronic ischemic heart disease (coronary heart disease), generalized ischemic cerebrovascular disease, pulmonary hypertension, hypertension, anemia, and hyperlipidemia. *Id.* at 1, 34, 72-77, 132; Docket 146 at 852. There is also some indication of heart failure. Docket 145 at 45, 135. Reddest takes medication to treat and control his heart

2

conditions, vascular disease, hypertension, and hyperlipidemia. *Id.* at 32, 36; Docket 147 at 9, 14, 32. His diabetes is controlled without medication by his diet. Docket 145 at 1, 33, 132. Reddest had two strokes in 2015 and was hospitalized for several months. *Id.* at 35; Docket 146 at 45, 72, 88, 161-67. Reddest now uses a four-wheeled walker to ambulate. Docket 145 at 2.

On April 2, 2020, Reddest submitted a request for compassionate release to FMC Rochester's warden, noting his age, health, and the COVID-19 pandemic. Docket 147 at 1. On April 20, 2020, the warden approved Reddest's request for compassionate release and forwarded the request to the Office of General Counsel. Docket 143 at 5. On May 12, 2020, the Office of General Counsel denied the request. Docket 147 at 2-3.

Reddest filed a pro se motion with the court for relief under the First Step Act. Docket 143. Reddest's counsel subsequently filed a supplement to his pro se motion. Docket 150.

## DISCUSSION

Because sentences are final judgments, a court ordinarily "may not modify a term of imprisonment once it has been imposed[.]" 18 U.S.C. § 3582(c). In 2018, Congress passed the First Step Act (FSA). Pub. L. No. 115-391, 132 Stat. 5194 (2018). In pertinent part, the FSA amends 18 U.S.C. § 3582(c)(1)(A) to permit inmates in specified circumstances to file motions in the court where they were convicted seeking compassionate release. § 603. Compassionate release provides a narrow path for defendants with "extraordinary and compelling reasons" to leave prison early. 18 U.S.C.

3

§ 3582(c)(1)(A)(i). Such a sentence must comply with the 18 U.S.C. § 3553(a) sentencing factors and "applicable policy statements issued by the Sentencing Commission[.]" 18 U.S.C. § 3582(c)(1)(A). The Sentencing Commission's policy statement, which was adopted before the FSA, requires both "extraordinary and compelling reasons" and that "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)[.]" U.S.S.G. § 1B1.13(1) (U.S. Sentencing Comm. 2018). The burden to establish that a sentence reduction is warranted under 18 U.S.C. § 3582(c) rests with the defendant. *See United States v. Jones*, 836 F.3d 896, 899 (8th Cir. 2016).

Reddest argues that his age, health conditions, and risk of serious illness or death from exposure to COVID-19 constitutes "extraordinary and compelling" circumstance under 18 U.S.C. § 3582(c)(1)(A)(i). Docket 150 at 1, 3, 8. Reddest requests a sentence of time served and, if deemed necessary by the court, a period of home confinement as a condition of supervised release. *Id.* at 1.

I. **Administrative Exhaustion**

Previously, only the Bureau of Prisons (BOP) Director possessed the authority to bring a compassionate release motion on a defendant's behalf. With the enactment of the FSA, however, Congress has now permitted courts to grant compassionate release on motions filed by defendants "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's

4

facility, whichever is earlier . . . ." 18 U.S.C. § 3582(c)(1)(A).

Reddest submitted a request for compassionate release on April 2, 2020. Docket 147 at 1. The warden received, and approved, Reddest's request on April 20, 2020. Docket 143 at 5. Ultimately, the Office of General Counsel denied Reddest's request. Docket 147 at 2-3. The 30-day period expired on May 20, 2020. Given that the 30-day waiting period required by 18 U.S.C. § 3582(c)(1)(A) has lapsed, Reddest's motion is ripe for review on the merits.

## II.  Extraordinary and Compelling Reasons

Section 3582(c)(1)(A)(i) provides that the sentencing court may grant compassionate release based on "extraordinary and compelling reasons[.]" Congress did not define what constitutes "extraordinary and compelling." *See* 28 U.S.C. § 994(t). Rather, the Sentencing Commission was directed to promulgate "the criteria to be applied and a list of specific" extraordinary and compelling examples. *Id.* Prior to Congress passing the FSA, the Sentencing Commission limited "extraordinary and compelling reasons" to four scenarios. U.S.S.G. § 1B1.13 cmt. n.1(A)-(C). The four scenarios pertain to a defendant's (1) terminal illness, (2) debilitating physical or mental health condition, (3) advanced age and deteriorating health in combination with the amount of time served, and (4) compelling family circumstances. *Id.* Additionally, there is a fifth catch-all category for an "extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C)" as determined by the Director of the Bureau of Prisons. U.S.S.G. § 1B1.13 cmt. n.1(D).

After the FSA was passed, the Sentencing Commission did not update its policy statement because the Sentencing Commission has not had a quorum. *See United States v. Beck*, 425 F. Supp. 3d 573, 579 n.7 (M.D.N.C. 2019) ("As the Sentencing Commission lacks a quorum to amend the U.S. Sentencing Guidelines, it seems unlikely there will be a policy statement applicable to [compassionate-release] motions brought by defendants in the near future."). As a result, district courts are left to determine whether the policy statement of the Sentencing Commission that was in existence when the FSA was passed still applies. See *United States v. Rodd*, 2019 WL 5623973, at *3 (D. Minn. Oct. 31, 2019); *United States v. Brown*, 2020 WL 2091802, at *5-6 (S.D. Iowa Apr. 29, 2020). It is clear that Congress wishes to "[i]ncreas[e] the [u]se . . . of [c]ompassionate [r]elease" by allowing district courts to grant petitions "consistent with applicable policy statements" from the Sentencing Commission. *See* 132 Stat. at 5239; 18 U.S.C. § 3582(c)(1)(A). But the Commission has not addressed whether the policy statement from the old regime is applicable to the new statute nor has it adopted a new policy statement. Because the First Step Act changed the way a compassionate release motion may be brought, "several district courts have concluded that the discretion vested in the BOP Director under the catch-all provision now belongs coextensively to federal judges." *United States v. Condon*, 2020 WL 2115807, at *3 (D.N.D. May 4, 2020) (citing *United States v. Fox*, 2019 WL 3046086, at *3 (D. Me. July 11, 2019); *United States v. Beck*, 425 F. Supp. 3d 573, 578-80 (M.D.N.C. 2019); *United States v. Cantu*, 423 F. Supp. 3d 345, 352-53 (S.D.

Tex. 2019)); *see also United States v. Rivernider*, 2020 WL 597393, at *3 (D. Conn. Feb. 7, 2020). This uncertainty has not yet been addressed by the Eighth Circuit. *See United States v. Rodd*, 966 F.3d 740, 747 (8th Cir. 2020) ("We need not determine whether the district court erred in adhering to the policy statements in § 1B1.13."); *see also United States v. Frith*, 2020 WL 4229160, at *2 (D.N.D. July 23, 2020).

Assuming that the policy statements continue to apply to compassionate release motions brought under the amended FSA, Reddest has showed that his age, health conditions, and incarceration during the COVID-19 pandemic rise to extraordinary and compelling circumstances.

Reddest primarily argues that his circumstances warrant relief under the catch-all provision, U.S.S.G. § 1B1.13 comment note 1(D). Docket 150 at 4, 8-13. Alternatively, he argues that he also satisfies the criteria under the medical conditions category, U.S.S.G. § 1B1.13 comment note 1(A), and the age of defendant category, U.S.S.G. § 1B1.13 comment note 1(B). *Id.* at 13-15. Reddest argues that his age and health conditions put him at high-risk of serious complications if he contracts COVID-19. *Id.* at 8.

COVID-19 appears to pose a particular risk for individuals with certain existing health conditions. People with the following health conditions are at an increased risk of severe illness from COVID-19: cancer, chronic kidney disease, COPD, immunocompromised state from organ transplant, obesity (a BMI of 30 or higher), serious heart conditions, sickle cell disease, and Type II diabetes mellitus. *People with Certain Medical Conditions*, Ctrs. for Disease Control &

7

Prevention, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (Oct. 6, 2020). The Centers for Disease Control and Prevention (CDC) also provided a list of medical conditions that *might* put a person at an increased risk of severe illness from COVID-19. *Id.* These medical conditions include asthma (moderate to severe), cerebrovascular disease, hypertension or high blood pressure, liver disease, Type 1 diabetes mellitus, and several others. *Id.*

The CDC has also stated that as an individual gets older, the individual's risk for severe illness from COVID-19 increases. *Older Adults*, Ctrs. for Disease Control & Prevention, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/older-adults.html (Sept. 11, 2020). "The greatest risk for severe illness from COVID-19 is among those aged 85 or older." *Id.*

The court has reviewed the medical records submitted in this case. Reddest's health conditions include Type 2 diabetes mellitus, chronic ischemic heart disease (coronary heart disease), generalized ischemic cerebrovascular disease, pulmonary hypertension, general hypertension, hyperlipidemia, anemia, and an abnormal gait. Docket 145 at 1, 34, 72-77, 132. Additionally, there has been indications of heart failure in Reddest's BOP medical records. *See id.* at 45, 135. Reddest's Type 2 diabetes is controlled without medication by his diet. *Id.* at 1, 33, 132. Reddest is prescribed several medications to treat/manage his pulmonary hypertension, coronary heart disease, hypertension, hyperlipidemia, and cerebrovascular disease. Docket 147 at 32.

In July of 2015, Reddest suffered two strokes. *Id.* at 35; Docket 146 at

8

45, 88. In 2018, Reddest had a stent put in place to treat a stenosis. Docket 146 at 1047-48. Reddest's treatment for his heart conditions and vascular disease is complicated by his bouts of dizziness and angina. Docket 145 at 32, 35-36, 132-33. Reddest also experiences chest pain, which he controls/treats with a medication he carries on him. *Id.* at 15, 32. Medical providers opined that Reddest's vascular disease is progressing. *Id.* at 132.

Several of Reddest's medical conditions—Type 2 diabetes mellitus, coronary artery disease, heart failure, and pulmonary hypertension—are listed by the CDC as medical conditions that put people at an increased risk of severe illness from COVID-19. Many of these conditions are not well controlled currently. Additionally, Reddest has medical conditions that may increase his risk of severe illness from COVID-19; these include his general hypertension and cerebrovascular disease. The United States appears to concede that having Type 2 diabetes, coronary heart disease, and pulmonary hypertension are "extraordinary and compelling reasons" for a sentence reduction. Docket 153 at 6.

These elevated-risk categories are further complicated by Reddest's age. Although he is not considered in the greatest risk category according to the CDC because he is not over 85 years old, at 74, he does have a higher risk for severe illness than individuals younger than him, especially in combination with his adverse health conditions.

Other courts have found that defendants with similar circumstances satisfied the extraordinary and compelling reasons standard. *See, e.g., United*

9

*States v. Clyne*, 2019 WL 3292349, at *2 (D. Idaho July 22, 2019) (defendant was 72 years old and experienced several heart attacks while incarcerated and had a pacemaker implanted, and could only walk with the aid of a walker); *United States v. Johns*, 2019 WL 2646663, at *2-3 (D. Ariz. June 27, 2019) (defendant was 81 years old and suffered from severe heart disease, a stroke, and peripheral vascular disease); *United States v. Lopez*, 2020 WL 2489746, at *3 (D.N.M. May 14, 2020) (defendant was 62 years old and suffering from high blood pressure and type II diabetes); *United States v. Rivernider*, 2020 WL 2393959, at *1 (D. Conn. May 12, 2020) (defendant was 54 and suffering from diabetes, heart disease, and hypertension). Additionally, the warden of FMC Rochester recommended Reddest be considered for early release; however, the Office of General Counsel denied Reddest's request after considering different criteria. *See* Docket 143 at 5; Docket 147 at 2-3.

The court acknowledges that Reddest is receiving adequate medical care for his heart conditions and diabetes at FMC Rochester. But the combination of Reddest's severe health conditions and his age greatly reduces his ability to fight COVID-19 if he contracts it. It is important to note that Reddest's case is distinguishable from other motions for compassionate release denied by this court. Unlike many of the other defendants who have moved for compassionate release, Reddest has Type 2 diabetes and three out of the four heart conditions that increase his risk of severe illness from COVID-19. He also has two other medical conditions that may increase his risk for severe illness from COVID-19, plus his elevated age. Additionally, Reddest is in a facility that currently has 35

10

active cases among its inmates and staff. Therefore, the court finds that the combination of Reddest's health conditions, his age, the presence of COVID-19 within his BOP facility, and the risk Reddest faces if he remains in prison constitute extraordinary and compelling reasons for compassionate release.

### III.     18 U.S.C. § 3553(a) Sentencing Factors

Next, the court must consider the sentencing factors in 18 U.S.C. § 3553(a). The sentencing factors found in 18 U.S.C. § 3553(a) instruct the court to consider the applicable guidelines issued by the Sentencing Commission; "the nature and circumstances of the offense and the history and characteristics of the defendant;" the need for the sentence "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;" to adequately deter criminal conduct, to protect the public; and "to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner." 18 U.S.C. § 3553(a). This court also should consider the need to avoid unwarranted sentence disparities among similarly situated defendants. 18 U.S.C. § 3553(a)(6).

While Reddest's age and medical conditions constitute as "extraordinary and compelling reasons warrant[ing] such a reduction" under 18 U.S.C. § 3582(c)(1)(A)(i), the sentencing factors in § 3553(a) do not weigh in favor of a sentence reduction.

Reddest's convictions resulted from three sexual assaults he perpetrated on a minor victim. PSR ¶¶ 8-10. The facts relating to the incident are

11

disturbing, and the crimes had severe, lasting effects on the victim. *See id.* ¶ 11. Reddest was 57 years old at the time of the assaults and the victim was 13 years old. *Id.* at 2, ¶¶ 4, 7. Reddest held a position of trust with the victim as he was once married to the victim's aunt. *Id.* ¶ 7; Docket 117 at 4. Reddest was staying at the victim's grandparent's house where the victim was also residing. PSR ¶ 7.

The first sexual assault occurred when the victim woke up to Reddest's hand moving up her leg. *Id.* ¶ 8. Then, Reddest climbed on top of the victim, put his hand over her mouth to prevent her from screaming, and pulled her shorts and underwear down. *Id.* Reddest forced vaginal intercourse on the victim. *Id.* The assault lasted between 4 to 5 minutes. *Id.* After the sexual assault, Reddest threatened to beat up the victim if she told anyone. *Id.*

Two days later, while the victim was asleep in the living room, the victim awoke to Reddest's hand moving up her leg again. *Id.* ¶ 9. The victim kicked Reddest and told him to stop. *Id.* Reddest continued and forcibly penetrated the victim's vagina with his fingers. *Id.*

A third assault occurred later in the year when the victim entered her bedroom and Reddest was in there. *Id.* ¶ 10. Reddest grabbed the victim by her hair and covered her mouth. *Id.* Then, he pulled down her pants and forced vaginal intercourse on the victim. *Id.* Reddest again threatened the victim that if she told anyone he would beat her up. *Id.* After the assaults, the victim had nightmares, flashbacks, anxiety attacks, and was unable to sleep. *Id.* ¶ 11.

At sentencing, Reddest's total offense level was 40, and he was in

criminal history category I. *Id.* ¶¶ 46, 52. His guideline range was 292 to 365 months in custody. *Id.* ¶ 65. In sentencing Reddest to the bottom end of his guideline range, the court factored in Reddest's lack of criminal history and age. The court also took into consideration Reddest's failure to accept responsibility. Docket 117 at 4. The court noted that Reddest's denial of his actions created a strong likelihood that he would reoffend in the future. *Id.*

  A sentence at the bottom end of the guideline range like the one imposed was necessary for several reasons. First, a lengthy sentence adequately reflected the seriousness of the offenses and provided just punishment. Second, the type of criminal conduct at issue here requires a powerful deterrent. Third, the 292-month sentence was designed to protect the public. Given the multiple sexual assaults Reddest perpetrated on a minor victim, the court was very concerned about ensuring protection of the public. Overall, the 292-month sentence was sufficient to achieve the § 3553(a) sentencing factors, but it was not greater than necessary.

  Additionally, although Reddest's age and health conditions limit his mobility and weighs in favor of early release, the court believes that Reddest still poses a danger to the community. As noted above, Reddest—at age 57—perpetrated multiple sexual assaults on a minor and denied any responsibility for his actions. The court cannot say confidently that if it were to release Reddest early from custody, Reddest would return to the Pine Ridge community and not sexually assault other victims.

  Reddest has now served about 177 months of his 292-month sentence,

13

approximately 61% of his full sentence and approximately 71% of his statutory term. Docket 147 at 411. His release date is still 6 years away. *Id.* at 410. Overall, the original sentence was chosen with care, considering Reddest's and his community's needs and all of the other applicable sentencing factors. Despite the risks posed by COVID-19, the court does not find "extraordinary and compelling reasons" to justify a sentence modification because such a reduction would not be sufficient to achieve the goals of sentencing and would disserve the interests of justice.

## CONCLUSION

Reddest's age, health conditions, and incarceration during the COVID-19 pandemic satisfy the extraordinary and compelling reason standard. But the sentencing factors in 18 U.S.C. § 3553(a) do not weigh in favor of early release. Thus, it is

ORDERED that defendant's motion for relief under the First Step Act (Docket 143) is denied.

Dated October 13, 2020.

BY THE COURT:

*/s/ Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE